**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES and PRINCETON UNIVERSITY,<br><br>    Defendants. | No. 24cv4669 (EP) (JRA)<br><br>**OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Raj K. Patel ("Patel") is a serial litigant whose claims in another action were previously dismissed by this Court. *See Patel v. United States*, No. 23-21830, 2023 WL 8447935, at *3 (D.N.J. Dec. 6, 2023) (EP). Patel was warned that "the further filing of vexatious or frivolous litigation may result in an order under 28 U.S.C. § 1651(a), barring him from filing new actions without prior permission in this Court." *Id.* Patel did not heed this Court's warning.

For the reasons below, the Court will **GRANT** Plaintiff's *in forma pauperis* application (D.E. 1-4) and **DISMISS** *without prejudice* his Amended Complaint (D.E. 3) pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. BACKGROUND**

Patel seeks to bring this action *in forma pauperis* ("IFP") against Defendants the United States and Princeton University. D.E. 3 ("Amended Complaint" or "AC").[1] His principal claim is that Defendants discriminated against him under Title VI of the Civil Rights Act when he was

---

[1] Patel's Amended Complaint supersedes his original Complaint. *See Asphalt Paving Sys., Inc. v. Gen. Combustion Corp.*, No. 13-7318, 2014 WL 12694205 at *1 (D.N.J. Mar. 5, 2014).

denied admission to Princeton University's undergraduate class of 2014. *Id.* ¶ 15. He alleges an additional 20 counts under common law and the laws of various states and seeks $11 billion in damages and equitable relief ordering each defendant to "issue an apology." *Id.* ¶ 110-12. Patel recently brought a nearly identical action against Harvard University that was dismissed for failure to state a claim. *See Raj K. Patel v. United States, et al.*, No. 23-10180, 2024 WL 1771229, at *3 (D. Mass. Apr. 24, 2024). The frivolity of Patel's litigation is clear, as his initial Complaint alleged that he would have been admitted to "University of Pennsylvania." D.E. 1 ¶ 15. His Amended Complaint corrected that boilerplate language to name Princeton University. AC ¶ 15.

Patel describes his race and national origin as Asian, South Asian, or East Indian. *Id.* ¶ 10. According to the Amended Complaint, Patel sought admission to Princeton University's undergraduate class of 2014 in Fall 2009. *Id.* ¶ 12(b). Patel further states that the Supreme Court held that Princeton "discriminated against Asian-American applicants" in *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181 (2023). *Id.* ¶ 14. Princeton was not a party in that case. *See SFFA*, 600 U.S. at 192. Patel contends that he "would have been admitted to Princeton University for the Princeton undergraduate class of 2014 without the illegal and unconstitutional discrimination found by the Supreme Court." AC ¶ 15.

## II.     ANALYSIS

### A.  Patel Fails to State Any Claim

Pursuant to 28 U.S.C. § 1915, the Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Because Plaintiff sufficiently establishes his inability to pay, the Court will **GRANT** his IFP application. *See* D.E. 1-4.

However, courts must screen an IFP plaintiff's complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Patel*, 2023 WL 8447935, at *1 (cleaned up).

Under the screening determination, complaints may also be dismissed for failure to state a claim. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). Because Plaintiff proceeds *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a pro se plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

Even construed liberally, the Amended Complaint fails to state a claim. Title VI states that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity" that is federally funded. 42 U.S.C. § 2000d. A plaintiff must allege facts demonstrating intentional

discrimination to plausibly state a Title VI claim. *See Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (noting Title VI "prohibits only intentional discrimination").

Patel's allegations are entirely conclusory. There are no "facts sufficient to support a plausible claim that plaintiff was actually rejected by [Princeton] because of his race or national origin." *Patel*, 2024 WL 1771229, at *2. He merely states that he "would have been admitted to Princeton" without alleging how Princeton purportedly discriminated against him based on his background. AC ¶ 15. Patel also asserts no plausible claims against the United States, nor does he aver any plausible facts to support his 20 other claims. Accordingly, the Court will dismiss his Amended Complaint. While the Court takes note of Patel's penchant for filing deficient complaints, as he has not previously been granted an opportunity to amend, all dismissals will be without prejudice. *See* Fed. R. Civ. P. 15(a).

### B. Patel Risks an Injunction Restricting his Future Filings in this Court

"The All Writs Act, 28 U.S.C. § 1651, gives district courts power, *inter alia,* to issue injunctions restricting the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated." *Matter of Packer Ave. Assocs.*, 884 F.2d 745, 746 (3d Cir. 1989). An extreme remedy, such injunctions should be sparingly used and narrowly tailored. *Id.*

To ensure a litigant's fundamental rights to due process and access to the courts, district courts must comply with certain requirements when issuing such injunctions against *pro se* litigants. *See Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). These include that the Court (1) "should not restrict a litigant from filing claims absent exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions"; (2) if an injunction is warranted, the Court must give notice to the litigant to show cause why the

proposed injunction should not issue; and (3) the scope of the injunctive order must be narrowly tailored "to fit the particular circumstances of the case before the District Court." *Id.* (cleaned up).

This Court has already collected numerous examples of frivolous actions brought by Patel across federal courts. *See Patel*, 2023 WL 8447935, at *2. The action currently before the Court is "meritless and repetitive," as a carbon copy was just dismissed in a sister district. *See Patel*, 2024 WL 1771229, at *3. The Court is loathe to resort the extreme remedy of an injunctive order under 28 U.S.C. § 1651, but "[t]he interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed sufficient by a number of courts to warrant such a prohibition against relitigation of claims." *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982). Accordingly, this will serve as Patel's final warning that further filing of frivolous litigation may result in an order to show cause why an injunctive order under 28 U.S.C. § 1651 should not issue.

### III. CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application, D.E. 1-4, and **DISMISS** *without prejudice* Plaintiff's Amended Complaint, D.E. 3. An appropriate Order accompanies this Opinion. Plaintiff will have 30 days from the entry of the accompanying Order to file an amended complaint.

Dated: April 25, 2024

*Evelyn Padin*
Evelyn Padin, U.S.D.J.